NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000401
05-MAY-2017
08:31 AM

NOS. CAAP-15-0000401, CAAP-15-0000578,
CAAP-15-0000579, and CAAP-15-0000714

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

### CAAP-15-0000401

U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Structured
Asset Securities Corporation Mortgage Loan Trust, 2006-NC1,
Plaintiff-Appellant/Cross-Appellee,
v.
DANEFORD MICHAEL WRIGHT, ELLAREEN UILANI WRIGHT,
Defendants-Appellees/Cross-Appellants,
and
COUNTY OF MAUI, WAILUKU COUNTRY ESTATES COMMUNITY ASSOCIATION,
INC., FINANCE FACTORS, LIMITED, Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10, Defendants

and

### CAAP-15-0000578

U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Structured
Asset Securities Corporation Mortgage Loan Trust, 2006-NC1,
Plaintiff-Appellant/Cross-Appellee,
v.
DANEFORD MICHAEL WRIGHT, ELLAREEN UILANI WRIGHT,
Defendants-Appellees/Cross-Appellants,
and
COUNTY OF MAUI, WAILUKU COUNTRY ESTATES COMMUNITY ASSOCIATION,
INC., FINANCE FACTORS, LIMITED, Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10, Defendants

and

## CAAP-15-0000579
U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Structured
Asset Securities Corporation Mortgage Loan Trust, 2006-NC1,
Plaintiff-Appellant/Cross-Appellee,
v.
DANEFORD MICHAEL WRIGHT, ELLAREEN UILANI WRIGHT,
Defendants-Appellees/Cross-Appellants,
and
COUNTY OF MAUI, WAILUKU COUNTRY ESTATES COMMUNITY ASSOCIATION,
INC., FINANCE FACTORS, LIMITED, Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10, Defendants

and

## CAAP-15-0000714
U.S. BANK NATIONAL ASSOCIATION, as Trustee for the Structured
Asset Securities Corporation Mortgage Loan Trust, 2006-NC1,
Plaintiff-Appellant/Cross-Appellee,
v.
DANEFORD MICHAEL WRIGHT, ELLAREEN UILANI WRIGHT,
Defendants-Appellees/Cross-Appellants,
and
COUNTY OF MAUI, WAILUKU COUNTRY ESTATES COMMUNITY ASSOCIATION,
INC., FINANCE FACTORS, LIMITED, Defendants-Appellees,
and
JOHN DOES 1-10, JANE DOES 1-10,
DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10,
DOE ENTITIES 1-10, and DOE GOVERNMENTAL UNITS 1-10, Defendants


APPEALS FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 09-1-0961 (2))


MEMORANDUM OPINION
(By:  Reifurth, Presiding Judge, Ginoza and Chan, JJ.)

In this consolidated appeal from a foreclosure action,
US Bank National Association, as Trustee for the Structured Asset
Securities Corporation Mortgage Loan Trust, 2006-NC1 (**USBNA**)
appeals from (1) the "Findings of Fact, Conclusions of Law,
Judgment and Decree of Foreclosure" (**4/8/15 Judgment and Decree
of Foreclosure**), filed on April 8, 2015, and (2) a "Judgment on
Order Denying in Part and Granting in Part Amended Plaintiff's
Motion to Reduce Bid to Total Debt Bid and For Confirmation of

2

Sale by Commissioner" (**9/28/15 Judgment**), filed on September 28, 2015, in the Circuit Court of the Second Circuit (**circuit court**).[1]

On appeal, USBNA contends that the circuit court erred by (1) not awarding USBNA per diem interest after February 28, 2010, until the outstanding principal was paid, pursuant to the terms of the subject Note and Mortgage; and (2) limiting USBNA's award of attorney's fees and costs purportedly to those related to the filing of the complaint and an answer.[2]

It appears the circuit court did not award USBNA its full request for per diem interest or its full request for attorneys' fees and costs because of USBNA's delays in litigating the case. Although we conclude the circuit court could properly reduce USBNA's per diem interest and reasonable attorneys' fees and costs based on USBNA's delays in litigating the case, it does not appear that the actual awards were limited only in this regard. We therefore remand for further proceedings.

### Background

USBNA filed the Complaint against Defendants-Appellees/Cross-Appellants Daneford Michael Wright and Ellareen

---

[1] The Honorable Peter T. Cahill presided except where otherwise indicated.

[2] This consolidated appeal involves four appeals. In CAAP-15-0000401, USBNA appeals from the 4/8/15 Judgment and Decree of Foreclosure, and the Wrights cross-appealed. In CAAP-15-0000578, USBNA again appealed from the 4/8/15 Judgment and Decree of Foreclosure after the circuit court denied the Wrights' motion for reconsideration of the 4/8/15 Judgment and Decree of Foreclosure. In CAAP-15-0000579, the Wrights appealed from the 4/8/15 Judgment and Decree of Foreclosure. In CAAP-15-0000714, the Wrights appealed from, *inter alia*, the 9/28/15 Judgment, and USBNA filed a cross-appeal.
On January 7, 2016, at the Wrights' request, the court consolidated the four appeals, as well as the briefing for the appeals. Thereafter, the Wrights were granted numerous extensions to file their opening brief, however, the Wrights failed to file their opening brief. The Wrights also defaulted in filing an answering brief to USBNA's opening brief, were thereafter granted an extension to file an answering brief, and then still failed to file an answering brief. On October 11, 2016, this court granted USBNA's Motion to Dismiss and ordered that the Wrights' appeal was dismissed pursuant to Hawai'i Rules of Appellate Procedure Rule 30. The court also ordered that no answering brief in the cross-appeal shall be filed. Subsequently, the Wrights filed an answering brief on October 24, 2016. On November 10, 2016, this court entered an order striking the Wrights' answering brief. We thus address the issues raised in USBNA's opening brief in the consolidated appeal.

Uilani Wright (**the Wrights**) on December 23, 2009. On March 9, 2010, USBNA filed a summary judgment motion asserting that the Wrights owed $780,713.61,[3] "plus per diem interest accrual for each day after February 28, 2010, until paid (currently $132.76 per diem at 6.6% per current term)." USBNA claimed it was entitled to foreclosure and to sell the property. On December 8, 2010, the circuit court held a hearing and orally granted USBNA's summary judgment motion.[4]

Soon thereafter, on December 27, 2010, the Wrights filed a notice in circuit court that they had filed for bankruptcy. Almost a year later, on December 19, 2011, USBNA filed a notice that the bankruptcy court had granted USBNA relief from the bankruptcy stay.

On January 10, 2012, the circuit court entered the written order granting USBNA's summary judgment motion. This order concluded, *inter alia*, that $780,713.61 was due and payable on USBNA's Note and Mortgage, "plus per diem interest accrual for each day after February 28, 2010, until paid (currently $132.76 per diem at 6.6% per current term[.])" Also on January 10, 2012, the circuit court filed a judgment of foreclosure in favor of USBNA (**1/10/12 Judgment**).[5]

On September 21, 2012, the Wrights filed notice that they had again filed for bankruptcy. On January 8, 2013, the bankruptcy court granted USBNA relief from the automatic bankruptcy stay.

A public auction of the property was held on January 25, 2013, with USBNA being the highest bidder with a bid of $900,000. On March 7, 2013, a Commissioner's Report was filed

---

[3] The $780,713.61 claimed by USBNA in its summary judgment motion included $44,340.63 for per diem interest up to February 28, 2010.

[4] The Honorable Shackley F. Raffetto presided.

[5] The Honorable Shackley F. Raffetto entered the January 10, 2012 order and judgment.

4

recommending confirmation of the sale, however an order confirming the sale was not entered.

On May 29, 2014, over a year after the public auction and Commissioner's Report, USBNA filed "Plaintiff's Motion for Ratification of Judgment Nunc Pro Tunc to Date of Judgment Filed on January 10, 2012 and Adjustment of Judgment Figures Pursuant to New Declaration of Indebtedness" (**Motion to Ratify Judgment**). The motion sought to have the 1/10/12 Judgment "ratified as being in compliance with the letter and spirit of Act 182 signed into law by Governor Abercrombie on June 28, 2012[.]" USBNA also stated, *inter alia*, that it reduced the late charges in the amounts owed as a result of a new policy, which decreased the overall indebtedness to USBNA. USBNA asserted that the total amount due from the Wrights was $779,646.81 "plus per diem interest accrual for each day after February 28, 2010, until paid (currently $132.76 per diem at 6.6% per current term)."

On September 10, 2014, the circuit court held a hearing regarding the Motion to Ratify Judgment. USBNA stated that it filed the Motion to Ratify Judgment because Wells Fargo, N.A., the servicer of the loan, had to follow a national consent decree requiring it to review the declaration of indebtedness that supported the summary judgment motion. The circuit court ruled that USBNA's motion created a question of fact and thus vacated the 1/10/12 Judgment and further ruled the case would go to trial.

On December 9, 2014, the circuit court issued an order vacating the 1/10/12 Judgment.

After a jury-waived trial, the circuit court orally ruled that (1) USBNA established by a preponderance of the evidence that foreclosure should be granted and USBNA was owed $779,646.89. The circuit court denied, however, USBNA's request for per diem interest of $132.76 per day after February 28, 2010. The circuit court determined that because of USBNA's delay in resolving the case, such interest was not warranted for the period sought.

5

On April 8, 2015, the circuit court filed the 4/8/15 Judgment and Decree of Foreclosure, which includes Conclusion of Law (**COL**) 9, denying USBNA's request for per diem interest after February 28, 2010.

On June 5, 2015, a Commissioner's Report was filed stating, *inter alia*, that a public auction was held on June 2, 2015, and USBNA was the highest bidder with a credit bid of $853,068.82.

On July 10, 2015, USBNA filed an "Amended Plaintiff's Motion to Reduce Bid to Total Debt Bid and for Confirmation of Sale By Commissioner" (**Motion to Reduce Bid**). USBNA stated that the bid price of $853,068.82 included its attorneys' fees and costs. USBNA requested that the circuit court reduce USBNA's bid price of $853,068.82 to $779,646.81, or in the alternative allow the bid to remain and grant USBNA's legal fees and costs of $67,407.79.

On September 2, 2015, the circuit court filed an order regarding the Motion to Reduce Bid which, *inter alia*, awarded USBNA $1,845.00 in attorney's fees and $1,442.55 in costs. A further judgment was entered on September 28, 2015.

### Per Diem Interest After February 28, 2010

USBNA challenges COL 9 in the 4/8/15 Judgment and Decree of Foreclosure contending that the circuit court erred when it did not award per diem interest after February 28, 2010, until the outstanding principal was paid. USBNA contends that the denial of the per diem interest is contrary to the express terms of the Note and Mortgage.

The circuit court indicated that it would not award interest after February 28, 2010 because the case was not pursued in a timely fashion, particularly because USBNA had not gone forward with the original commissioner's sale. In this regard, the circuit court indicated it would be unfair to allow further per diem interest "when this matter should have been resolved in 2010[.]"

6

"As a general rule, the construction and legal effect to be given a contract is a question of law freely reviewable by an appellate court." Brown v. KFC Nat'l Mgmt. Co., 82 Hawaiʻi 226, 239, 921 P.2d 146, 159 (1996). Further, "[i]t is fundamental that terms of a contract should be interpreted according to their plain, ordinary and accepted use in common speech, unless the contract indicates a different meaning." Id. at 240, 921 P.2d at 160 (citation and brackets omitted).

Both the Note and Mortgage were admitted as evidence at trial. With regard to interest, the Note provides:

> Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.600%.
> The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

(Emphasis added.) Thus, under the plain language of the Note, the Wrights agreed to pay interest on the loan and the Note provides that the interest would accrue both before and after default.

As noted by USBNA, "foreclosure is an equitable action and the function of the foreclosure court is to ascertain the precise amount due under the mortgage." Honolulu, Ltd. v. Blackwell, 7 Haw. App. 210, 219, 750 P.2d 942, 948 (1988) (citations omitted). However, "[c]ourts of equity have the power to mold their decrees to conserve the equities of the parties under the circumstances of the case." Id. (citation omitted). In addition, "[i]n contract or in tort, the plaintiff has a duty to make every reasonable effort to mitigate his damages." First United Funding, LLC v. Naupaka Invs., L.L.C., Nos. CAAP-12-0000365, CAAP-12-0000527, 2015 WL 4067188, at *5 (Haw. App. June 30, 2015) (quoting Malani v. Clapp, 56 Haw. 507, 517, 542 P.2d 1265, 1271 (1975)).

In this case, it is not clear by what date the principal amount should have been paid, if not for USBNA's delay in pursuing the litigation, nor did the circuit court make a finding in this regard. Rather, the circuit court awarded per

diem interest only as calculated up to February 28, 2010, which was done for purposes of USBNA's summary judgment motion filed on March 9, 2010. However, even without delay by USBNA, there would have reasonably been an additional period after the summary judgment ruling before the principal amount owing would have been paid. For instance, the initial auction and confirmation of sale process still needed to occur before the outstanding principal was paid. Further, the two bankruptcy filings by the Wrights caused delay after summary judgment was granted to USBNA, and those delays should not be counted against USBNA.[6]

With regard to the delays attributable to USBNA, however, the circuit court had equitable discretion whether to award the per diem interest. In this regard, it appears that after the public auction on January 25, 2013, an order confirming the sale was not pursued by USBNA. Instead, the Motion to Ratify Judgment was filed over a year after the first public auction, which then led the circuit court to vacate the 1/10/12 Judgment and require a trial.

Thus, we conclude USBNA is entitled to per diem interest after February 28, 2010 for the reasonable amount of time it should have taken USBNA to obtain payment of the outstanding principal. On remand, the circuit court should make a finding of when USBNA would have likely obtained payment of the outstanding principal, if not for its delay in litigating the case, and award the additional per diem interest up to that point.

We further conclude that the circuit court has equitable discretion not to award USBNA per diem interest for the period after USBNA reasonably should have obtained payment of the outstanding principal, if not for its delay in litigating the case. See Akamine & Sons, Ltd. v. Hawaii Natʼl Bank, Honolulu, 54 Haw. 107, 113-14, 507 P.2d 424, 428-29 (1972) (stating that it

---

[6] We note, though, that the circuit court may properly consider whether USBNA sought to lift the bankruptcy stays within a reasonable time.

would be unfair to require the defendants to pay interest during the time period that the banks forestalled the payments of the debts).

We therefore vacate the award as to per diem interest and remand for further proceedings.

### Attorney's Fees

USBNA contends that the circuit court erred when it limited USBNA's award of attorney's fees and costs to only those related to the complaint and answer.  USBNA contends that under the Note, Mortgage, and Hawai'i law, USBNA was entitled to reasonable attorney's fees.

The circuit court stated that it would only award attorney's fees related to the filing of the complaint and answer because the fees that were requested were a result of the way USBNA handled the matter.  Thus, the circuit court awarded $1,845.00 in attorney's fees and $1,442.55 in costs.

In this case, the Note provides:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law.  Those expenses included, for example, reasonable attorneys' fees.

(Emphasis added.)  Further, HRS § 607-14 (2016) provides in pertinent part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment . . . . The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party[.]

(Emphasis added.)

In a case where attorney's fees are provided for by contract, it is in the discretion of the circuit court to determine the reasonableness of attorney's fees.  Sharp v. Hui

Wahine, Inc., 49 Haw. 241, 244, 413 P.2d 242, 245 (1966). This court will not disturb the circuit court's determination of attorney's fees absent an abuse of discretion. Id.

In its Motion to Reduce Bid, USBNA requested attorneys' fees and costs in the amount of $67,407.79, which consists of fees and costs incurred by its counsel Reginald K.T. Yee (**Yee**) and Robert M. Ehrhorn, Jr. (**Ehrhorn**). In Yee's declaration, he requested attorney's fees in the amount of $54,133.49 and costs in the amount of $3,040.60. The hours billed by Yee all occurred after the Motion to Ratify Judgment. However, Yee's declaration does not include dates for when the costs were incurred. Given this record, Yee's declaration demonstrates that the circuit court did not abuse its discretion in denying Yee's attorney's fees. However, it is unclear whether Yee's requested costs were reasonably incurred outside of USBNA's delay in litigating.

Ehrhorn's declaration states his fees are "in connection with the uncontested part of the foreclosure proceeding," and requests fees totaling $3,497.38, which includes flat fees for, *inter alia*, the title claim, reviewing the debt dispute from the Wrights, preparing and filing the Complaint, serving the Complaint, preparing and filing the summary judgment motion, preparing a response to another defendant's counterclaim, and preparing for the auction. Ehrhorn also requested costs in the amount of $6,686.32 for filing the complaint, a litigation guarantee, recording fees, title endorsement, postage, court fee, transcript fee, travel expenses, commissioner's fees and costs, and sheriff's fees.

Although the circuit court stated that it was awarding attorneys' fees and costs associated only with the filing of the complaint and an answer (apparently an answer to a counterclaim), it appears the court awarded fees and costs beyond those filings, but less than the amount requested. The fee award of $1,845.00 covers more than the fees identified in Ehrhorn's declaration for the complaint and responding to a counterclaim, which only amounted to $370.00 and $450.00, respectively. Further, the

10

award of $1,442.55 in costs appears to cover the costs in Ehrhorn's declaration, except for commissioner's fees/costs and sheriff's fees. However, given Ehrhorn's declaration and without specifics as to what was actually awarded, it appears that the circuit court may not have awarded all of Ehrhorn's fees and costs reasonably incurred and not resulting from delayed litigation.

Thus, similar to our ruling as to the per diem interest, the circuit court should determine whether Yee's costs, and Ehrhorn's fees and costs, were reasonably incurred and not due to USBNA's delay in litigating. Therefore, we vacate the award as to USBNA's attorney's fees and costs, and remand for further proceedings.

### Conclusion

Given the above, we vacate the awards related to per diem interest, and USBNA's attorney's fees and costs, entered by the Circuit Court of the Second Circuit. The case is remanded for further proceedings on these issues consistent with this opinion.

DATED: Honolulu, Hawai'i, May 5, 2017.

On the briefs:

Reginald K.T. Yee,
Mary Martin,
(Clay Chapman Iwamura
Pulice & Nervell)
       and
Regan M. Iwao,
Scott K.D. Shisido,
Lynda L. Arakawa,
(Goodsill Anderson Quinn &
Stifel)
for Plaintiff U.S. Bank National
Association, as Trustee for the
Structured Asset Securities
Corporation Mortgage Loan Trust,
2006-NC1.

Presiding Judge

Associate Judge

Associate Judge

11